IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3090-FL

| | | |
|---|---|---|
| CALVIN L. DILLEHAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER TONI MCKOY; OFFICER HAILEY; SERGEANT L. LOCKLEAR; CHAIRMAN EDWARD B. THOMAS; and HATTIE B. PIMPONG, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This § 1983 action comes before the court upon defendants' motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) (DE ## 19, 30). Also before the court is plaintiff's motion to appoint counsel (DE # 33). These motions have been fully briefed and the issues raised are ripe for adjudication. For the following reasons, plaintiff's motion to appoint counsel is denied and defendants' motions for judgment on the pleadings are granted.

### STATEMENT OF THE CASE

On June 7, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against defendants. Plaintiff alleges Toni McKoy ("McKoy") and Officer Hailey ("Hailey") acted with deliberate indifference to his safety in violation of the Eighth Amendment to the United States Constitution when they required him to wash clothes by hand with improper equipment, when the facility's clothes washing machine was out of order. Plaintiff also alleges that Hattie B. Pimpong

("Pimpong"), Edward B. Thomas ("Thomas"), L. Locklear ("Locklear") violated his rights pursuant to the Due Process Clause of the Eighth Amendment to the United States Constitution when they employed improper procedures in plaintiff's administrative disciplinary proceedings.

On February 24, 2011, Hailey, McKoy, Pimpong, and Thomas filed a motion for judgment on the pleadings, arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies before filing this action. The motion was fully briefed. Locklear subsequently filed a motion for judgment on the pleadings seeking dismissal on the same grounds, and plaintiff responded with a motion to appoint counsel.

## DISCUSSION

A.  Motion to Appoint Counsel

The court first addresses plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

2

B. Motions for Judgment on the Pleadings

1. Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed – but early enough not to delay trial. . . ." Fed.R.Civ.P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2. Analysis

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534

U.S. 516, 524 (2002). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the Step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

The evidence in the record reflects that plaintiff filed a grievance related to his claim, but did not complete the exhaustion process until after he filed this action. (Answer Ex. A.) Plaintiff does dispute this fact. (Resp. 1.) Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted this claim.

4

In response, plaintiff argues that he is not required to exhaust administrative remedies for this action because he is a lay person and did not know that he had to fully exhaust prior to bringing an action. However, exhaustion of administrative remedies is mandatory regardless of whether one is a "lay person" or not. Cf. Booth, 532 U.S. at 741 n.6 (noting that exhaustion is required even if inmate believes it will be futile). Thus, plaintiff has not presented grounds to excuse § 1997e(a)'s exhaustion requirement.

Plaintiff also alleges that § 1997e(a)'s exhaustion requirement should be excused because he only is seeking injunctive relief. However, an inmate is required to exhaust his administrative remedies prior to filing an action, even where he requests only injunctive relief. See Green v. Robinson, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009); see, e.g., Booth, 532 U.S. at 732 (noting that prisoner in that case was seeking injunctive relief). Thus, this allegation is insufficient grounds to excuse § 1997e(a)'s exhaustion requirement.

Finally, plaintiff alleges that the circumstances out of which his claims arose are urgent and that his health and well-being are in jeopardy. The Fourth Circuit Court of Appeals has not recognized an irreparable injury exception to § 1997e(a)'s exhaustion requirement. See Stroman v. Bearden, No. 9:06-2055-PMD-GCK, 2007 WL 2973516, at *5 (D.S.C. Oct. 9, 2007), aff'd, 273 F. App'x 274 (4th Cir. 2008). But see Marvin v. Goord, 255 F.3d 40, 43 (2d Cir. 2001). Even if such an exception did exist, plaintiff has not presented any facts to establish that he would have been subjected to irreparable harm if he had exhausted his administrative remedies prior to filing this action. For instance, plaintiff has not stated that he suffered any harm as a result of having to wash clothes by hand without the proper equipment. Rather, plaintiff presents only his own conclusory allegation that his working conditions are unsanitary. Based upon the foregoing, even if there was

an irreparable harm exception to section 1997e(a)'s exhaustion requirement, plaintiff has not demonstrated that his circumstances would warrant such an exception.

In short, because plaintiff failed to exhaust his administrative remedies prior to filing this action, respondent's motion for judgment on the pleadings is GRANTED. This action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to appoint counsel (DE # 33) is DENIED. Defendants' motions for judgment on the pleadings (DE ## 19, 30) are GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

6

Case 5:10-ct-03090-FL   Document 34   Filed 08/18/11   Page 6 of 6